Good morning. Attorney Manuel Hernandez from Bandon, Oregon. This case is a case about somebody's lying. There's no way you can reconcile the statements of the police officer as to why he stopped Mr. Houston, as to where the police officer was when he attempted to make contact with the vehicle. And in our legal system, what separates our legal system from any other legal system, especially here in Oregon, is that issues of credibility are left to the trier of fact. Mr. Hernandez. Yes. Could you direct yourself to why the administrative hearing as to the removal of your client's license does not affect a collateral estoppel on your claim? As we have set forth in our brief, the administrative hearings for the purpose of determining whether a person's license, whether there was reasonable suspicion or probable cause to stop a person, in that hearing, that is a very limited analysis of the facts given rise to the stop. Why do you call it limited? It's an administrative hearing. There's an administrative judge. You're present or counsel for the claimant is present, Mr. Houston. And the issue is put squarely whether there was reasonable suspicion or probable cause to stop your man because of a traffic violation. Right? And the decision comes out against your man, which establishes, it seems to me, as a necessary fact for the continued suspension of his license, that there was reasonable suspicion to stop him. Is your argument that administrative determinations of fact never constitute preclusion of the same fact in a subsequent court case? So is there a particular case or is there something about this particular hearing which distinguishes it from collateral estoppel law? Well, as we state at page 5 in our reply brief, the court in State v. Ratliff stated, the procedures used at license suspension hearings is expedited and informal. It provides an adequate basis to justify giving collateral estoppel effect to the decision of the hearing officer in these cases. But the court went on to state at page 6 that the administrative procedures can impose only limited sanctions and is designed to provide a simple and expeditious decision. A distinct procedure exists in the criminal justice system to determine whether the driver is guilty of driving under the influence of intoxicants. So what Ratliff is pointing out is... There's a difference with Ratliff, isn't there? In this hearing, in Ratliff, the only evidence presented was that of the neutral magistrate and the defendant. The prosecution wasn't allowed to put in any evidence. Also, it was precluding the state in subsequent criminal trials. So this is a civil proceeding precluding the defendant or precluding the plaintiff, I guess, under this, the individual. So they're certainly distinguishable. Why shouldn't we distinguish Ratliff and Cougar on those grounds? Well, people need their driver's license to remain gainfully employed in rural Oregon. And I used to be a prosecutor, and I do a lot of criminal defense now. I tell my clients, because it's a practical reality, if the police officer shows up, you're going to lose the DMV hearing because the police officer has credibility. You don't. You are being charged with driving under the influence or some type of infraction. So it's a practical reality that the police officer, he has the ear of the administrative law judge. Just like in trials, the police officer has certain credibility. But that's the point here. The credibility should be tested by juries here in Oregon. You have a right to a jury trial. That's not exactly the law of Oregon as I understand it. Under Skeen v. Department of Human Resources, the Court of Appeal concluded that factual determinations, at least in the foster home licensing proceedings, had preclusive effect on a subsequent Section 1983 claim. So the idea that credibility always is put to a jury is not the law in Oregon as I understand it. Well, then is the law going to be that if... I don't want to argue what the law should be, but I think you should direct yourself to whether it is the law of Oregon that there is no preclusive effect for a fact-finding in an administrative agency determination. Is that your position? There should not be in a 1983 civil rights claim against a police officer. But there is. In a 1983 claim in a foster home, how is that different? Well, the litigant in a civil case should not have to elect between taking the chance of having the attempt to preserve your driver's license preclude you from being able to proceed in a federal case under a 1983 civil rights claim for the police officer violating your rights in the first place. But if he won the DMV agency hearing, it would establish his credibility and the lack of credibility of the police officer. You want to give that up? But you don't win. You don't win if the police officer shows up. Well, you don't get it. You do not win. The administrative law judge believes the police officer. Whatever the police officer says, then that carries the day in an administrative proceeding. Well, what do we do with, or what do we do, if anything, with footnote 5 in the Ratliff decision? You reference it in your brief, but you don't talk much about it. That footnote 5, I'm quoting from memory. I could look it up, but it basically says, collateral estoppel would rarely, if ever, be available on the other side, that is to say collateral estoppel against the person losing his license, in a later criminal proceeding because of the right to jury trial. Now, they're talking about in a later criminal proceeding, because that was the issue in front of them. Can we infer from that footnote 5 that the same idea would be true under Oregon law if there's a later civil proceeding raising that same question, that is to say, was there probable cause to stop? Because there's a right to a jury trial to that determination, there's no collateral estoppel to the DMV. Do you follow the question? I do, but I would have to look at that footnote. Let's look at it. Let's, as former president of ours used to say, let us reason together. Okay. That in our opening brief. Do you have Ratcliffe in front of you? Do you have the case of Ratcliffe in front of you? I do not, no. It's a very short footnote. I'll read it to you. First, I'll read the text, and then I'll read the footnote that goes with the text. In text, Ratcliffe says, In the present case, we are asked to decide whether the doctrine applies when a defendant in a criminal case seeks to stop the state from litigating an issue based upon the decision of a hearings officer in an administrative hearing. Footnote. We note that the state would rarely, if ever, be able to assert collateral estoppel in this situation because of the defendant's right to a jury trial. And then the Oregon Constitution is cited, and in the Sixth Amendment of the United States Constitution is cited. Now, this is obviously thought about with the prospect of a later criminal trial because the citation is to the Sixth Amendment of the Constitution rather than to the Seventh. I'm asking you what, if anything, we can infer from this if there is a right to a jury trial in a later proceeding, but instead of it being a criminal proceeding, it's a civil proceeding. Well, certainly you have more protections in a criminal case. I don't see anything inconsistent in... Let me ask you this. I think I know the answer, but there may be something different that I don't understand. If you are in a criminal proceeding in Oregon court and the issue is not guilt yet, but rather the issue is probable cause and therefore we're talking about suppression. Right. What's the burden of proof? Is it preponderance of the evidence for the probable cause hearing? Yes. So in other words, we're not talking about a difference between criminal and civil in terms of a higher standard of proof. It's the same standard of proof as in a civil case when we're dealing with a suppression hearing in the Oregon criminal case. That's correct. Did I reserve a minute? Why don't we – you've already taken an entire minute of our time and we'll make sure to give you a minute in addition. Okay. Okay. Let's hear from the other side. May it please the Court. My name is Bruce Mallory. I represent the defendant in this case. And, of course, we're asking the Court to affirm the district court's grant of summary judgment. I was a little taken aback that the district judge didn't specifically address the issue preclusion matter in the opinion. It's nice to have that available to me because you can affirm on any basis supported by the record, and that's clearly supported by the record. But I took a little different view in preparing today, and that's this. Reasonable suspicion for the stop, I think, is – if I could direct your attention to page 183 of the excerpts of record. I think it's very simple. We can forget about stops, signals, and so on, and look at the license plate. And there in the excerpt of record, the plaintiff was asked, are you able to say whether or not at the time that you were stopped whether your license plate light was visible? Answer, no, I can't. No. Are you able to say whether any license plate bulb was illuminated? No. But he alleges that the police officer was too far away at the time when he pulled the car over, that he was too far away to see whether that license plate light was on or not. And so why doesn't that create a genuine issue of material fact? I don't think it does because I don't think that the driver of the vehicle is able to address what the perception – what someone else's perception actually was. I think that the officer is in the best position. The other thing is, under the totality of this – Sure, I understand the evidence. According to Mr. Houston, the officer was a block away, correct? I think that's right. And it was daylight? No, it was nighttime. It was nighttime and – Nighttime, okay. And there would be – there was some distance that the officer followed. As I understand, you saw him like this, coming right angles? For a portion, just a portion, but there was quite some distance before this actual stop. It was well beyond 200 feet, that's his allegation. He said Brian's – Officer Brian's observations of his license plate would have been made from a distance well beyond 200 feet. Well, the officer didn't see it, and I think that the record supports that – that perception because of the fact, also in the record, that at the time of the stop they couldn't locate the license plate light. It looked like – it seems like it's an issue about the bumper being in a position where – this was an older vehicle. It obstructed any license plate light, but they couldn't find a light. He alleges the lights of the vehicle weren't on at that point, and that's why the lights of the license plate weren't – wasn't illuminated, or they couldn't find it. Actually, it's a little different. It's that after the stop, the challenge to the officer's contention that there was no light, no visible light, was that after the stop it wasn't tested that the light wasn't turned on. That was the plaintiff's position, and – but nowhere does he – is he able to challenge that there was, in fact, a visible light, or that the light bulb was illuminated. And as I say, they couldn't find a lighting apparatus after the stop. There was an issue there. Basically, the plaintiff's only challenge is that it wasn't lighted after the stop in order to sort of test it. But the question would be, I guess – I'm still sort of concerned about this issue about Bryant's distance from the car, so whether, in fact, it seems like a disputed factual issue as to whether he was close enough to see the license plate in order to have a basis for stopping the car. I don't think – I understand your concern. I don't think, though, that there's any evidence that an illuminated license plate light, if it is, in fact, illuminated, can't be seen at that distance at nighttime, particularly the contrast. I don't know. I guess that's why it's a factual issue. Well, the officer – well, the driver isn't able to say what the officer could see because he's not in the officer's position. The officer is able to see that he could determine that there was no visible light. He doesn't have to be correct. All he has to be is reasonable, and he's simply saying that he, as a following motorist, did not see a license plate light. And it makes eminent good sense that it wasn't seen because after the stop they couldn't find it at all. So we believe that that, at a minimum, justifies the stop, and then you get into the issue of probable cause, and I think it's simple. There was an odor of alcohol. The plaintiff's only challenge is that he had no idea whether he was emanating the odor of alcohol, and having no idea is not a denial. He's simply saying he doesn't know. Let me ask you this in terms of the collateral estoppel issue. Yes. We've got two issues in this case. One issue is reasonable suspicion giving grounds to stop the vehicle. Correct. The other one is probable cause thereafter. Correct. What is determined in the initial DMV proceeding? Is the reasonable suspicion to stop determined, or is only probable cause with respect to the alcohol? It was both. Basically, there was a finding that, as a matter of law, that there was probable cause for the arrest, and necessarily within that, I think it's clear by a full reading of the administrative law judge's opinion that, in the case law, is that he couldn't and wasn't entitled to reach that without first determining that there is reasonable suspicion. I'm a little bit handicapped because I don't have the full record. I have just the excerpts of record, and I don't see in the excerpts of record any disposition by the hearing officer in the DMV proceeding. Is it in the full trial record? I can't say that it is, Your Honor. I can say this, is that ---- Now, let me ask you, so you can't say that it is. Does that mean it's not? No, no. You just don't know. As you stand here, you just don't know. That's correct. I'm unable to say right now whether it was. I do know that, however, under the law, he, in that kind of a proceeding, you're not able to conclude that there was probable cause for the arrest without first determining and having determined that there was reasonable suspicion. I have this document, which I guess I thought was the decision of the administrative law judge at ER 20. It states as the issue whether there was probable cause to arrest Petitioner, but then on ER 23, under the opinion, it says the officer made a valid stop of Petitioner. Now, does that, under that, I think it's called the Poole or the Pooler case, does that, is that equivalent to determination that there was reasonable suspicion and, therefore, the stop was valid? I think it is. And the issue about, well, the theory or the contention that you're always going to lose in an administrative law hearing, it has to be kept in mind that this was appealed, so to speak, to the Coos County Circuit Court judge court, and they have an opportunity to challenge if they felt that there was not a full, fair opportunity, they could have challenged it on that basis. They didn't. Basically, they just took issue with the administrative law judge's findings, and their challenge was rejected by the Coos County Circuit Court, who affirmed the administrative law judge's determination. So they've had their opportunity, and it's, I think, you know, basically the ideal case, perfect case for application of issue preclusion. And so that brings me full circle back to my quandary about the fact that that wasn't addressed by the district judge. Could you address footnote 5 in Ratliff? I can't. I don't know in my own defense if I just skimmed over and didn't pay attention to a footnote or not, but I do know that, and your comments earlier indicate to me that there is clearly a distinction between Kruger and Ratliff, where a non-party, the State in those cases, was wanting to prosecute the person who was the subject of the administrative law hearing. They were entitled to because they weren't. I understand that. Right. This is a flip. Both Ratliff and Kruger deal with collateral estoppel against the State. Correct. And now we're dealing with collateral estoppel against the person who's lost his license, and footnote 5 in Ratliff directly addresses that on the assumption that the later proceeding would be a criminal proceeding in which reasonable suspicion or probable cause was determined, and they say in that instance, collateral estoppel against the driver would, quote, rarely if ever be available, and my question is, should we infer from that that the same rule would apply if the later proceeding is civil? No. I think it's the other case law that has been addressed in addressing the issues that apply to or the elements necessary for issue preclusion answer that question and that in a civil case, it is available to us. Okay. Thank you. Is that the Skeen case? I can't. I'm not able to answer that one either, Your Honor. I apologize. Thank you. Mr. Handlanger, would you like a minute? Yeah. Well, I guess the only response I can come up with as to your question about Ratliff at footnote 5 is what we say in our brief is the DMV hearing and the subsequent judicial review does not afford the plaintiff a full and fair opportunity to be heard on the issue of probable cause and should not be precluded from relitigating that issue in this civil case. Now, it's kind of catch-22 because probable cause is usually a legal determination that's made by a judge. And the whole problem that I see in this case is that police officers have so much credibility in our legal system and rightfully so. But when you have a case such as this where somebody's got to be lying, either my client is lying that he saw the police officer coming up the road at a high speed 200 feet away after he was already out of the vehicle and parked at the fast mart, then that is totally inconsistent with what the police officer is saying as to why he stopped him. So in these cases, we get a jury to decide those issues. Okay. Let me ask you one question. You made the point having a driver's license. Having a driver's license is essential in rural Oregon. And the fact that this case indicates that Houston had no other way of getting his driver's license back than to commence the administrative proceeding, which he did. That's correct. He couldn't file any sort of a civil action which would entitle him to a jury trial to determine whether there was reasonable suspicion or probable cause. He had to go through this administrative proceeding and risk a finding against him which might be collateral estoppel in a later 1983 claim. That's right. That's the situation. Let me ask you this. Do we have the full transcript of the hearing for the DMV hearing? I couldn't tell you whether that would be part of the hearing. There are excerpts in the ER, but okay. Thank you. Thank you. Okay. Thank both of you for your arguments. The case of Houston v. City Cote is now submitted for decision. We'll take a five-minute break and then we'll be back. The next case on the argument calendar, when we resume, is Pearson v. Astro. Thank you.
judges: Graber, Fisher, Smith M.